CANADY, J,,
dissenting.
Because I conclude that the decision of the Fifth District in Omega Insurance Co. v. Johnson, — So.3d -, 39 Fla. L. Weekly D1911, 2014 WL 4375189 (Fla. 5th DCA Sept. 5, 2014), does not expressly and directly conflict with the decisions of this Court in Universal Insurance Co. of North America v. Warfel, 82 So.3d 47 (Fla.2012), or Ivey v. Allstate Insurance Co., 774 So.2d 679 (Fla.2000), I would dismiss this case for lack of jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Johnson and Warfel both deal with the same statutory presumption, but they address the application of that presumption in different contexts. In Johnson, the Fifth District addressed “whether Omega wrongfully withheld policy benefits to its insured, Kathy Johnson, after she filed a claim for sinkhole damage under the policy Omega issued to her, thereby forcing her to file suit to collect her policy benefits.” Johnson, — So.3d -, 39 Fla. L. Weekly D1911. The Fifth District considered Omega’s actions under the detailed statutory process for investigating and obtaining a neutral evaluation of sinkhole claims. The court held that the statutory presumption of correctness in section 627.7073(l)(c), Florida Statutes (2009), applied in circumstances that occurred before *1220 any trial proceedings were conducted, and held that “application of the confession of judgment doctrine as a basis to award fees under section 627.428 was error.” Id. The court also recognized that “[t]his presumption is not an evidentiary presumption, but a pretrial ‘vanishing’ presumption requiring the production of some countervailing evidence.” Id. (citation omitted).
Warfel — in contrast to Johnson — considered the insurer’s assertion of the statutory presumption at trial. We held in War-fel that “because the sinkhole statutes do not apply to the litigation context, the trial court’s application of section 90.804 to section 627.7073(l)(c) and the treatment of this statute as evidentiary in nature in this case was incorrect.” Warfel, 82 So.3d at 57-58. We further stated that “[t]he presumption applies to the initial claim process and investigation that insurance companies are required to follow in accepting or denying claims.” Id. at 58.
Warfel thus concluded that the statutory presumption does not apply at trial, but Johnson did not apply the presumption in the context of trial proceedings. Rather, in determining whether Omega’s conduct forced Johnson to file suit, Johnson applied the presumption to “the initial claim process and investigation,” which Warfel expressly recognized is the proper context for application of the presumption. Warfel does not suggest that the statutory neutral evaluation process is excluded from the pre-litigation context in which the presumption is applicable. Nothing in Warfel addresses the application of the confession of judgment doctrine as a basis to award fees under section 627.428. And both cases are in agreement that the presumption is not an evidentiary presumption. Warfel thus provides no basis for the Court to exercise conflict jurisdiction over Johnson.
Nor does Johnson expressly and directly conflict with Ivey. The two cases deal with dissimilar statutory schemes. As explained previously, Johnson addressed whether Omega wrongfully withheld sinkhole policy benefits due to Johnson and thereby forced her to file suit to collect her policy benefits, and the Fifth District held that application of the confession of judgment doctrine as a basis to award fees under section 627.428 was error in the context of the statutory process established for the investigation and neutral evaluation of sinkhole claims. Johnson, — So.3d -, 39 Fla. L. Weekly D1911.
In contrast, this Court in Ivey addressed the insurer’s burden of investigating and paying a claim under the requirements of Florida’s no-fault insurance scheme — specifically, the requirement to pay benefits within thirty days after receipt of notice of the claim — in conjunction with section 627.428. Ivey, 774 So.2d at 684. We held that
under PIP law, the focus is outcome-oriented. If a dispute arises between an insurer and an insured, and judgment is entered in favor of the insured, he or she is entitled to attorney’s fees. It is the incorrect denial of benefits, not the presence of some sinister concept of “wrongfulness,” that generates the basic entitlement to the fees if such denial is incorrect.
Id. Ivey concluded that the “wrongfulness” of an insurer’s denial of a PIP claim is irrelevant when determining whether an insured is entitled to attorney’s fees under section 627.428. Id. In contrast, Johnson concluded that in the context of the specific statutory process established for the investigation and neutral evaluation of sinkhole claims that the wrongfulness or unreasonableness of an insurer’s denial of a sinkhole claim is relevant when determining whether an insured is entitled to attorney’s fees under section 627.428. Although Ivey held that the insurer’s “payment after suit was filed operates as a *1221 confession of judgment,” nothing in Ivey suggests that its holding should be exténd-ed beyond the context of the PIP statute. Id. at 684. There is no express and direct conflict with Johnson.
This Court lacks jurisdiction under the Florida Constitution to review Johnson. Accordingly, I dissent.